IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANTHONY MORRIS,<br><br>          Plaintiff,<br><br>   vs.<br><br>DR. CLAUD MITCHELL, DR. DOUGLAS C. PETERSON, DR. M. PENNER, DR. VONG, JANE DOE, sued in their individual capacities, and CHERYL PLILER, LINDA L. RIANDA, and RICK MANUEL, sued in their individual and official capacities,<br><br>          Defendants. | Case No. CIV S-02-2489 (JKS)<br><br>O R D E R |

On June 20, 2005, this Court granted the State's request to extend the deadline for filing dispositive motions and moved the deadline to July 15, 2005. Docket No. 65. The June 20 order also directed the State to file a response to Plaintiff's dispositive motion, which had been filed on February 23, 2005, but had been left unaddressed by the State. *Id*. The June 20 order set August 12, 2005, as the deadline for Plaintiff's opposition to any dispositive motion that the State filed pursuant to the Court's extension.

The State has since filed three motions for summary judgment.[1]  *See* Docket Nos. 67; 70; 74. It appears as though Plaintiff has ignored the State's efforts. He has filed nothing in response to the motions for summary judgment nor has he asked for any extensions of time to file an opposition.

---

[1] Defendants M. Penner and Linda Rianda have filed separate motions for summary judgment, *see* Docket Nos. 67; 74, in addition to the State's global motion for summary judgment, Docket No. 70.

1

Because Plaintiff is proceeding pro se, the Court will advise him of the following points before addressing the merits of Defendants' motions for summary judgment.

A motion for summary judgment is a request for an order of judgment in favor of the moving party without trial. In general, a motion for summary judgment presents the facts that are not disputed and argues that the facts entitle the movant to judgment as a matter of law. Pursuant to *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988), Plaintiff is hereby advised that Federal Rule of Civil Procedure 56 sets forth the requirements for opposing a motion for summary judgment. Plaintiff is also advised that if he fails to respond to Defendants' motions for summary judgment, the Court may grant the motions and dismiss Plaintiff's claim.

Federal Rule of Civil Procedure 56 states in relevant part:

> ...(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

> ...(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party...

> ...(g) Affidavits Made in Bad Faith. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable

ORDER

    attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

 Although the actual text of Federal Rule of Civil Procedure 56 controls in any dispute as to its interpretation, the Court provides the following brief explanation of the Rule's requirements:

 To oppose a motion for summary judgment, Plaintiff must provide the Court with evidence supporting his or her claims. Under Federal Rule of Civil Procedure 56(e), Plaintiff may provide the following types of proof:

 1. Plaintiff may rely on the statements made in the complaint if the complaint (a) was signed under penalty of perjury; (b) shows that Plaintiff has personal knowledge (i.e., "first-hand" or "non-hearsay" knowledge) of the matters stated; and (c) Plaintiff calls the Court's attention to those parts of the complaint upon which Plaintiff relies;

 2. Plaintiff may file and serve, upon the Court and opposing counsel, one or more affidavits or declarations setting forth facts that Plaintiff believes will prove Plaintiff's claims. Any person signing an affidavit or declaration must have personal knowledge of the facts stated. At the end of a declaration or affidavit, the document must state "I declare under penalty of perjury that the foregoing is true and correct" and be signed by the individual who has the personal knowledge. Any declarations or affidavits that are unsigned will not be considered;

 3. Plaintiff may submit copies of documents so long as Plaintiff provides proof that the records are what Plaintiff claims they are (i.e., Plaintiff must declare under penalty of perjury that the documents are true and correct copies, and must specify where Plaintiff got the documents); and

 4. Plaintiff may rely upon all or part of the transcript of a deposition, answers to interrogatories, or admissions obtained in this proceeding.

 To oppose successfully a motion for summary judgment, Plaintiff must set forth information in declarations, affidavits, and other documents which, when viewed together with Defendants' declarations, affidavits, and other documents convinces the Court that Plaintiff's claims should go to trial. In rare cases, if a party has good reason why facts are not available to him or her when required to oppose a motion for summary judgment, the Court may consider a request to postpone ruling on a motion for summary judgment. To support a request for postponement, the party must

ORDER

provide the Court and opposing counsel with an affidavit or declaration (signed under penalty of perjury) setting forth the reasons the facts are unavailable and how the party expects the facts to support his or her claims.  If Plaintiff does not file and serve a written opposition with supporting documents or a request to postpone with a supporting affidavit or declaration, the Court may consider the failure to act as consent to the granting of Defendants' motions for summary judgment.

This notice shall constitute the only such notice from the Court concerning Defendants' motions for summary judgment.  The Court will not be providing any further information regarding the interpretation of Federal Rule of Civil Procedure 56 and cannot entertain unsolicited inquiries about the applicable rules of procedure.  Further, if Plaintiff has not filed an opposition beforehand, the Court will consider Defendants' motions for summary judgement ripe for a ruling **on Wednesday, September 14, 2005**, after which time the Court will issue a decision without considering Plaintiff's positions and without further notice to Plaintiff.  Should Plaintiff file an opposition, the State's response will be due **seven (7) days** after the date of service of Plaintiff's opposition.

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this   29th   day of August 2005.

               /s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER