UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAMES ANTHONY MORRIS,<br><br>                Plaintiff,<br><br>    vs.<br><br>DR. CLAUD MITCHELL; DR. DOUGLAS C. PETERSON; DR. M. PENNER; DR. VONG; JANE DOE, sued in their individual capacities; and CHERYL PLILER; LINDA L. RIANDA; and RICK MANUEL, sued in their individual and official capacities,<br><br>                Defendants. | Case No. 2:02-cv-02489-JKS<br><br><br>ORDER FROM CHAMBERS<br>[Re: Motion at Docket 90] |

## I. ORDER

At Docket No. 87 defendant Dr. Douglas C. Peterson ("Peterson") has filed a motion for summary judgment and at Docket No. 88 defendant Cheryl Pliler ("Pliler") has filed a motion for summary judgment.[1] Plaintiff James Anthony Morris ("Morris"), appearing *pro se*, has not filed an opposition to the two motions for summary judgment filed by the defendants.[2] At Docket No. 90 Plaintiff has filed a motion entitled "Motion for a Change of Address and Motion to Show Cause." The motion does not specify the specific relief requested but it appears that he seeks additional time to file an opposition to the pending motions for summary judgment at Docket Nos. 87 and 88.

---

[1] The Court has previously granted the motions of defendant's Dr. M. Penner, Rick Manuel, and Linda L. Rianda for summary judgment and dismissed them from the case (Docket Nos. 83 and 84). In addition, the Court dismissed the complaint as against defendant Dr. Claud Mitchell (Docket No. 82). Defendants Peterson and Pliler are the sole remaining defendants in this action.

[2] See Minute Order from Chambers at Docket No. 89 directing Plaintiff to file an opposition not later than July 17, 2006.

The Court having reviewed the moving papers and, for the reasons set forth below, finding the position of the moving parties based upon the facts of record is well taken is prepared to grant the motions unless Plaintiff can show that there are material triable issues of fact. Although three months has passed without hearing further from Plaintiff, the Court, ever mindful of the status of Plaintiff as a prisoner and the fact he is appearing *pro se* without the benefit of counsel, has determined that good cause exists to permit Plaintiff a reasonable opportunity to present to the court triable issues of fact if any such triable issues of fact exist.

THEREFORE, IT IS ORDERED THAT Plaintiff has until **November 10, 2006**, in which to file his opposition to the pending motions at Docket Nos. 87 and 88.

## II.  BACKGROUND/FACTS[3]

This action is a civil rights action filed under 42 U.S.C. § 1983.  Morris alleges that defendants acted with deliberate indifference in failing to provide him with proper medical care in violation of the Eighth Amendment to the U.S. Constitution.[4]

On May 8, 2000, Morris was first treated by Dr. M. Penner for an alleged slip and fall that occurred on April 17, 2000.  Dr. Penner ordered an x-ray, prescribed Motrin and informed Morris that he would be referred to the California Medical Facility if physical therapy were needed.  On January 23, 2001, Morris filed a complaint against the medical staff alleging that he was not receiving adequate treatment for his injuries and the pain he was suffering.  At the "informal" level, his complaint was denied and Morris initiated a further review.  Dr. Claude Mitchell (on behalf of defendant Peterson) reviewed the matter and on February 21, 2001, Dr. Peterson issued the Second Level Reviewer's Response:

> You contend that on 04-17-00 you slipped on water on the second tier of your cell block and injured your back and neck.  You asked for medical treatment and "back therapy classes."  You wanted this done immediately.  On 05-08-00, Dr. Penner responded to your appeal.  He ordered an x-ray, prescribed Motrin, and ionformed you that you would be referred to CMF if physical therapy was

---

[3] Taken from the Order From Chambers at Docket No. 83.  References to the record contained in that order are omitted here.

[4] Morris also alleged state tort claims, which were dismissed (Docket No. 41), leaving only the "deliberate indifference" claim under § 1983.

ORDER [Re: Motion at Docket 90]
*Morris v. Mitchell*, Case No. 2:02-cv-02489-JKS        2

needed.  You responded on 01-21-01 that you were dissatisfied, saying, "I still have not received any medical attention."

On 02-15-01- Dr. Mitchell reviewed your medical record regarding the appeal issues.  The same day, Dr. Mitchell ordered that you have an orthopedic telemedicine consultation, at which time a determination will be made concerning your medical condition.  An appropriate treatment decision will also be made at that time (i.e., medication, physical therapy, or other treatment methods, if needed).

On September 10, 2001, the Director's Level Appeal Decision (signed on behalf of Linda L. Rianda, Chief, Inmate Appeals Branch) was issued, which exhausted Morris' administrative remedies within the California Department of Corrections:

On February 15, 2001, Dr. Mitchell ordered an orthopedic telemedicine consultation, which will determine the appellant's need for medication, physical therapy or other treatment methods.  The appeal was granted in part at the Second Level of Review.

All submitted documentation and supporting arguments of the parties have been considered.  The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the Second Level response.

The appellant was personally interviewed on July 26, 2001, at SAC for the Third Level Review.  The appellant continues to claim that he has not received medical treatment for his back and neck injury.  However, the appellant acknowledged that he was provided with a back brace and use of a cane.

On July 26, 2001, a case conference was held with Dr. Claude Mitchell, Chief Physician and Surgeon at SAC.  Dr. Mitchell reviewed the appellant's medical file along with the February 21, 2001, response by the institution.  Dr. Mitchell states that on April 23, 2001, Dr. Vong examined the appellant and ordered Motrin for the appellant and scheduled him to be seen in 14 days.  Dr. Mitchell also states that on May 11, 2001, Dr. Vong examined the appellant and ordered a back brace and x-rays of the appellant's lower spine.  Dr. Mitchell points out that on May 14, 2001, the appellant received x-rays of his lumbosacral spine and the x-ray results revealed the presence of some mild degenerative change seen at the lumbosacral junction.  However, there were no significant discogenic osseous change and the "SI" joints appeared normal.  Dr. Mitchell maintains that presently physical therapy for the appellant is not medically indicated.  In this case, it appears that the clinicians at SAC are attentive to the appellant's medical needs; therefore, intervention at the Director's Level of Review is not necessary.

CCR Section 3354 establishes that only qualified medical personnel shall be permitted to diagnose illness and prescribe medical treatment for inmates.  It is

not appropriate for the appellant to self-diagnose his medical problems and then expect a physician to implement the appellant's recommendation for a course of medical treatment.  In this particular matter, the appellant's contention that he has not received adequate medical care is refuted by the medical records and professional staff familiar with the appellant's medical history.

In 2002, Morris initiated a second round of appeals contesting the adequacy of the medical care he was receiving.  On June 6, 2002, Dr. Penner issued his First Level Appeal Response partially granting it:

> PROBLEM DESCRIPTION/ACTION REQUESTED:  You complain of lower back pain and request to be seen by an orthopedic doctor.
>
> APPEAL RESPONSE:  You complain of having chronic back pain for years.  On 8-2-01 you had an MRI at CMF, which showed a very small and left paracentral disk protrusion at L5-S1.  Several orthopedic consultations were ordered (02-15-01, 12-10-01, and 04-10-02).  However, it does not appear that you have actually seen an orthopedist yet.
>
> The consult desk was notified of your need for an orthopedic consultation as previously ordered.  It was verified that the requested consultation is pending.

On August 12, 2002, defendant Dr. Peterson issued his Second Level Appeal Response:

> At the Second Level of Review you request to be seen by the orthopedist.
>
> You were seen by Dr. Ghalomi, a pain management specialist, at Doctor's Hospital of Manteca on July 29, 2002.  Dr. Ghalomi recommended that you have an epidural steroid injection, receive physical therapy, repeat a Magnetic Resonance Imaging (MRI) scan, and be prescribed a non-steroid anti-inflammatory drug.  You were seen by Dr. J. Turella in the C Facility Clinic on August 5, 2002.  Dr. Turella prescribed Indocin for you, reviewed the results of the MRI, requested that you be scheduled for the steroid injection and a follow-up MRI.  Further treatment will be based on the results of the MRI and one of our physician's professional opinion.

On October 22, 2002, the Director's Level Appeal Decision (signed for Rick Manuel, Chief (A), Inmate Appeals Branch) was issued, which exhausted Morris' administrative remedies within the California Department of Corrections:

> I. APPELLANT'S ARGUMENT:  It is the appellant's position that he received an magnetic resonance imaging (MRI) to evaluate the cause of his lower back pain. He contends that he was informed he would be referred to an orthopedic specialist for a consultation.  He states that he has not yet been examined by an orthopedic specialist and would like to know why not.  At the Director's Level of Review he has changed his issues and complains that he has not been sent back to Doctor's

ORDER [Re: Motion at Docket 90]
*Morris v. Mitchell*, Case No. 2:02-cv-02489-JKS          4

Hospital to again see a pain management specialist, receive an epidural steroid injection, receive physical therapy, and another MRI.

He requests that he be seen by an orthopedic specialist immediately.

II.  SECOND LEVEL'S ARGUMENT.  It is Staff's position that on July 29, 2002, the appellant was seen at Doctor's Hospital by Dr. Ghalomi, a pain specialist, who recommended the appellant be given an epidural steroid injection, receive physical therapy, repeat a MRI and be prescribed a non-steroid anti-inflammatory drugs.  On August 5, 2002, he was seen by Dr. Turella, who prescribed Indocin and reviewed the MRI results.  He was scheduled for the steroid injection and  a follow-up MRI.  Further treatment would be based on the results of the MRI and on the institution's physician's professional opinions.  The appeal was granted in part by the Second Level of Review.

III.  DIRECTOR'S LEVEL DECISION:  Appeal is denied.

> A.  FINDINGS:  The appellant requested to be seen by an orthopedic specialist for his medical condition.  The institution referred appellant to a pain specialist at Doctor's Hospital and the recommendations made by the pain specialists were being done by the institution health care staff.  He was scheduled for an epidural steroid injection, a follow-up MRI and was prescribed medication.  He was informed that further treatment would be based on the MRI results and the professional opinion of a physician.  The appellant's original requested [*sic*] was responded too [*sic*] in part by the institution.  The appellant is advised that it is not appropriate for an inmate to medically make a self-diagnosis of his condition and then expect a licensed medical practitioner to prescribe the inmate's plan of treatment.

> The appellant has added new matter to the appeal when presenting it for a Director's Level Review.  This must be submitted to the institution for review on a separate appeal in order to allow institutional staff the opportunity to respond and, possibly, provide the appellant with a satisfactory response.

Morris filed his complaint initiating this action on November 18, 2002.

## III.  ISSUE PRESENTED

The motions present a single issue: Did the conduct of the defendants constitute deliberate indifference to his medical needs in violation of the Eighth Amendment to the U.S. Constitution.

## IV.  STANDARD OF REVIEW

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact, and the moving

party is entitled to judgment in its favor as a matter of law. FED. R. CIV. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir.1989).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986). In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055-56 (9th Cir.2002).  The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a fact-finder to resolve the parties' differing versions of the truth at trial.  There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

## V.  DISCUSSION

The Supreme Court holding that the infliction of unnecessary suffering on prisoners violated the Eighth Amendment stated in *Estelle v. Gamble* 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks and citations omitted):

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution. *Id.*, at 106.  In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

In determining deliberate indifference, the court scrutinizes the particular facts and looks for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990). The Ninth Circuit recently spoke to the subject of the appropriate test under *Estelle* in *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir.2006) (internal quotation marks and citations omitted).

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Yet, an inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983. A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs. If the harm is an isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.

First, the undisputed evidence establishes that Morris does, indeed, suffer from a serious medical condition, *i.e.*, that his condition adversely affects his daily activities (ability to sleep) and causes him pain. *See Lopez v. Smith*, 203 F.3d 1122, 1131–1132 (9th Cir.2000). That brings us to the question of whether the defendants were deliberately indifferent to Morris' medical needs. A defendant must purposely ignore or fail to respond to a prisoner's pain or medical need in order for deliberate indifference to be established. Where the claim is based upon delay in providing a specified treatment, a prisoner has no claim for deliberate medical indifference unless the delay was harmful. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc). On the record in this case, the court can not make such a finding as to defendants Peterson and Pliler.

With respect to Pliler, as warden she exercised overall supervision over the operation of the prison and, to a significant extent, was responsible for assuring that adequate and proper

procedures were in place for providing adequate medical to inmates. There is no evidence in the record before this Court that Pliler was even aware of the condition of Morris, let alone that she interfered with or prevented, directly or indirectly, his receiving any treatment. Even if the Court were to find Pliler was negligent in performing her supervisory duties, of which there is no evidence to support, that is not enough, in of itself, to establish deliberate indifference.

Morris' strongest claim is that he had not received certain medical treatment that was recommended by a consulting physician—an epidural steroid injection, physical therapy, and a follow-up MRI.[5]   Peterson, as Administrator of the Health Care Division at the prison, was responsible for ensuring that prisoners received adequate medical care. Thus, even though he may not have been the physician to actually provide medical services (or even requested to provide those services), Peterson was responsible for ensuring the proper level of care was provided. However, as with Pliler, there is no evidence that Peterson was negligent in performing his duties or, even if he were, that standing alone does not constitute deliberate indifference. The record is devoid of any evidence that Peterson interfered with or prevented Morris from receiving medical care. Moreover, Morris has not, at this point, submitted any competent medical evidence that the failure to provide the recommended treatment either (1) resulted in further serious injury or deterioration of his condition or (2) would significantly reduce the level of pain below that which is available by the prescribed pain medications. Indeed, at this point, there is no evidence that the course of treatment Morris received fell below the standard of care required to establish mere negligence, *i.e.*, a medical malpractice claim. *See Hutchison v. United States*, 838 F.2d 390, 394 (9th Cir.1988).

The undisputed evidence establishes that no reasonable trier of fact could find that either defendant, Peterson or Pliler, acted with deliberate indifference in connection with providing medical care to Morris and they are, therefore, entitled to judgment as a matter of law.

---

[5] Defendants do not dispute that Morris did not receive this recommended treatment, at least at the time the complaint was filed.

ORDER [Re: Motion at Docket 90]
*Morris v. Mitchell*, Case No. 2:02-cv-02489-JKS                8

VI.  CONCLUSION

Based upon the foregoing, it appears to the Court that the motions of defendants Dr. Douglas C. Peterson and Cheryl Pliler at Docket Nos. 87 and 88, respectively, should be GRANTED.

Dated at Anchorage, Alaska this 16th day of October, 2006.

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge